773 F.2d 1004
 Ronnie G. ROBINS, Plaintiff-Appellee,
v.
Mike HARUM, Joe Collins as Sheriff of Chelan County
Washington, and Chelan County, a Washington
municipal corporation, Defendants-Appellants.
Connie WALLIS-ROBINS, Plaintiff-Appellee,
v.
James HARUM, Joe Collins as Sheriff of Chelan County
Washington, and Chelan County, a Washington
municipal corporation, Defendants-Appellants.
 Nos. 85-3629, 85-3630.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 4, 1985.
Decided Oct. 3, 1985.
 
 Tim J. Mackin, Taft, Rielly & Mackin, Spokane, Wash., Ronald D. Estes, Platts, Zimmerman & Estes, Wenatchee, Wash., for plaintiff-appellee.
 E.R. Whitmore, Wenatchee, Wash., for defendants-appellants.
 Appeal from the United States District Court for the Eastern District of Washington (Spokane).
 Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Appellants Mike Harum, James Harum, Joe Collins, and Chelan County appeal from the district court's order denying their motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Appellants raise two contentions on this appeal: (1) the trial court erred in presenting to the jury appellees' section 1983 claims based upon excessive use of force by sheriff's deputies, and (2) the trial court erred in separately presenting to the jury the torts of intentional infliction of emotional distress and assault and battery.
 
 
 2
 * FACTUAL BACKGROUND AND PROCEDURAL CONTEXT
 
 
 3
 Shortly after midnight on May 29, 1983, appellees Ronnie Robins and Connie Wallis-Robins (the Robinses) were arrested for littering and obstructing traffic by Chelan County deputy sheriff Mike Harum and reserve officer James Harum. The Robinses were not handcuffed and were placed in the rear of the patrol car.
 
 
 4
 While the car was en route to the Chelan County jail, a disagreement developed between Ronnie Robins and deputy Mike Harum over Ronnie's request to smoke a cigarette in the patrol car. A few blocks from the police station, Deputy Mike Harum abruptly stopped the car, both deputies leaped from the car, and a struggle ensued as the deputies attempted to pull the Robinses from the car. The Robinses called to the gathering spectators for help and to "get some good cops." Shortly thereafter, other sheriff's deputies arrived and transported the Robinses to the police station.
 
 
 5
 On February 6, 1984, the Robinses (who were then unmarried) filed separate complaints which were consolidated for trial and have been consolidated on this appeal. The complaints alleged unlawful arrest, excessive use of force, denial of necessary medical treatment and malicious prosecution, in violation of the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. Secs. 1981 and 1983. The complaints also contained pendent state claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence, and gross negligence. As a result of appellants' success on a number of pretrial motions, the issues remaining at the time of trial were (1) the section 1983 claim for use of excessive force, and (2) the pendent state claims for assault and battery and intentional infliction of emotional distress.
 
 
 6
 The jury returned a verdict in favor of the Robinses, awarding them $14,000 on their section 1983 claims, $300 on their assault and battery claims, and $11,000 on their claims for intentional infliction of emotional distress. The court denied appellants' motions for judgment notwithstanding the verdict, or in the alternative, for a new trial.
 
 II
 STANDARD OF REVIEW
 
 7
 We review a district court's denial of a motion for a new trial for an abuse of discretion. Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Systems, Inc., 732 F.2d 1403, 1408 (9th Cir.1984). A judgment notwithstanding a jury verdict is appropriate when the evidence permits only one reasonable conclusion as to the verdict. Mosesian v. Peat, Marwick, Mitchell & Co., 727 F.2d 873, 877 (9th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 329, 83 L.Ed.2d 265 (1984). Neither the district court nor this court may weigh the evidence or order a result it finds more reasonable if substantial evidence supports the jury verdict. Id.
 
 III
 SECTION 1983 CLAIM
 
 8
 The Robinses' claim for excessive use of force was brought pursuant to 42 U.S.C. Sec. 1983. The statute provides:
 
 
 9
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....
 
 
 10
 By its terms, section 1983 creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere. City of Oklahoma City v. Tuttle, --- U.S. ----, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985). The Robinses' complaint alleges violations of the First, Fourth, Fifth and Fourteenth Amendments. We must determine which Amendment furnishes the constitutional basis for the Robinses' section 1983 claim.
 
 A. FOURTEENTH AMENDMENT VIOLATION
 
 11
 Appellants assert that the Robinses' section 1983 claim for excessive use of force is predicated upon an alleged violation of the Robinses' procedural due process rights under the Fourteenth Amendment. See Patterson v. Coughlin, 761 F.2d 886, 892 (2d Cir.1985) (Constitution does not prohibit deprivations of liberty per se; it prohibits deprivations without due process). Appellants contend that the Robinses' claim is therefore barred by the availability of adequate postdeprivation remedies under state law, relying upon Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (negligent deprivation of prisoner's property not actionable under section 1983 because state law offers postdeprivation remedy adequate to satisfy guarantee of procedural due process contained in the Fourteenth Amendment) and Rutledge v. Arizona Board of Regents, 660 F.2d 1345 (9th Cir.1981) (Parratt analysis applicable to deprivation of liberty occasioned by random, unauthorized act), aff'd on other grounds sub nom Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983).
 
 
 12
 The Robinses argue that the right to be free from excessive use of force by the police is a substantive due process right protected by the Fourteenth Amendment, relying upon Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) and Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The Robinses contend that because the substantive due process component of the Fourteenth Amendment (like the guarantees of freedom contained in the Bill of Rights) imposes limits on what a state may do regardless of what process is provided, the presence or absence of a state remedy is irrelevant to whether a claim is stated under section 1983. In essence, the Robinses are actually contending that the Parratt analysis should not apply to an intentional deprivation of a liberty interest protected by the Fourteenth Amendment.
 
 
 13
 We need not decide whether the Fourteenth Amendment creates liberty interests which are exempt from the Parratt analysis.[1] The Robinses' complaint also alleged a violation of the Fourth Amendment. The district court apparently based its ruling permitting the section 1983 claim to go to the jury, at least in part, on the theory that such a claim may be grounded on a violation of the Fourth Amendment where a person is subjected to unreasonable conduct by law enforcement officials following arrest but prior to booking.
 
 
 14
 In denying appellants' second motion for summary judgment, the district court stated only that "there is no question that plaintiffs' excessive-use-of-force (assault) allegation may be the basis of a section 1983 action in this circuit." In support of its rulings, however, the court cited McKenzie v. Lamb, 738 F.2d 1005 (9th Cir.1984). McKenzie holds that an excessive use of force claim is actionable under section 1983 as a Fourth Amendment violation of the right to be free from an unreasonable seizure. Id. at 1011. Furthermore, the court's pretrial order expressly reserved for trial the following issue: "Of what, if any, constitutional rights have the Plaintiffs been deprived by the Defendants." Finally, contrary to counsels' assertions at oral argument, the district court presented the Robinses' section 1983 claim to the jury on both Fourth and Fourteenth Amendment grounds. The court instructed the jury as follows: "Plaintiffs specifically complain that certain acts or omissions by defendants constituted a violation of section 1983 by proximately causing them to be deprived of rights protected under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution."
 
 
 15
 We may affirm the district court on any basis fairly supported by the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985) (quoting Hoohuli v. Ariyoshi, 741 F.2d 1169, 1177 (9th Cir.1984)). The record reveals that the Robinses' Fourth Amendment claim was preserved for trial and presented to the jury. Because the Parratt analysis does not apply to a section 1983 claim based upon a violation of the Fourth Amendment, we affirm.
 
 B. FOURTH AMENDMENT VIOLATION
 
 16
 A section 1983 claim based on a violation of the Fourth Amendment is on solid ground in this circuit. This court has held that a section 1983 claim may be based upon the Fourth Amendment where the police use excessive force during arrest procedures. In McKenzie v. Lamb, 738 F.2d 1005 (9th Cir.1984), we reversed a district court's summary judgment ruling dismissing a section 1983 excessive use of force claim grounded on the Fourth Amendment. Id. at 1011. We found that the arrest was illegal because there was no probable cause (id. at 1008-1010), and concluded that appellees could not support the summary judgment ruling on the theory that the arrest was lawful. Id. at 1010. We went on, however, to address appellants' separate claim for excessive use of force in their arrest. Id. We reversed the district court's grant of summary judgment on the specific issue of excessive use of force, and remanded it to the trial court. Id. at 1011.[2]
 
 
 17
 McKenzie is consistent with prior cases in this circuit. See MacDonald v. Musick, 425 F.2d 373, 377 (9th Cir.) (defendant who asserts that his arrest was unlawful, that he had a right to resist, and that he sustained injuries as a result of his resistance has section 1983 claim), cert. denied, 400 U.S. 852, 91 S.Ct. 54, 27 L.Ed.2d 90 (1970); Cohen v. Norris, 300 F.2d 24, 31-32 (9th Cir.1962) (en banc) (reversing dismissal of complaint alleging illegal search and seizure accomplished through the use of excessive force); see also Soto v. City of Sacramento, 567 F.Supp. 662, 671-72 (E.D.Cal.1983) (use of unreasonable force in effecting arrest constitutes unreasonable seizure of person in contravention of Fourth Amendment).
 
 
 18
 The question whether the Parratt analysis applies to bar a claim based upon a violation of Fourth Amendment rights presents a novel issue in this circuit. In McKenzie we noted the potential relevancy of Parratt, and opined in dictum that Parratt "may be inapplicable to a direct Fourth Amendment claim." 738 F.2d at 1011 (citing Parratt, 451 U.S. at 536, 101 S.Ct. at 1913). We did not address the question, however, because (1) the parties had neither briefed nor argued the point, and (2) this circuit's treatment of Parratt was then under reconsideration by the court en banc in Haygood v. Younger, 718 F.2d 1472 (9th Cir.1983), reh'g granted, 729 F.2d 613 (9th Cir.1984). We consider the question on this appeal because the issue is squarely presented by the district court's ruling, and because the recently filed en banc opinion in Haygood does not shed light upon this issue. See Haygood v. Younger, 769 F.2d 1350 (9th Cir.1985) (en banc).[3]
 
 
 19
 The Supreme Court has emphasized the distinction between a claim that governmental action deprived a citizen of his right to life, liberty or property without due process under the Fourteenth Amendment, and a claim that such action violated a right, privilege or immunity secured by the Bill of Rights. In Parratt, the Supreme Court observed:
 
 
 20
 The only deprivation respondent alleges in his complaint is that 'his rights under the Fourteenth Amendment of the Constitution of the United States were violated. That he was deprived of his property and Due Process of Law.' App. 8. As such, respondent's claims differ from the claims which were before us in Monroe v. Pape [365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) ], supra, which involved violations of the Fourth Amendment, and the claims presented in Estelle v. Gamble, 429 U.S. 97 [97 S.Ct. 285, 50 L.Ed.2d 251] (1976), which involved alleged violations of the Eighth Amendment.... Respondent here refers to no other right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of the Fourteenth Amendment simpliciter.
 
 
 21
 451 U.S. at 536, 101 S.Ct. at 1913.
 
 
 22
 In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), overruled on other grounds, Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a case expressly distinguished in the preceding passage from Parratt, the Court rejected the argument that a section 1983 plaintiff's claim for violation of the Fourth Amendment was barred by the existence of a complete remedy in the state courts, commenting:
 
 
 23
 It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.
 
 
 24
 Id. 365 U.S. at 183, 81 S.Ct. at 482. Since Parratt, other circuits have noted the existence of the distinction between a Fourteenth Amendment claim for deprivation of life, liberty or property without due process and a claim based upon a violation of Fourth Amendment rights, and have refused to apply the Parratt analysis to the latter. See, e.g., Augustine v. Doe, 740 F.2d 322, 326 (5th Cir.1984) ("To hold Parratt applicable to the alleged fourth amendment violation in the present case [unreasonable seizure] would be to write Monroe out of existence, a result clearly not intended by Parratt "); Wolf-Lillie v. Sonquist, 699 F.2d 864, 872 (7th Cir.1983) (Parratt not applicable to Fourth Amendment violation based upon unlawful seizure of property).[4] Therefore, we conclude that the Parratt analysis is not applicable to a claim, such as the instant excessive use of force claim, brought under the Fourth Amendment.
 
 
 25
 It is true that the excessive use of force complained of in this case occurred subsequent to the Robinses' arrests rather than contemporaneously with them. A "seizure," however, occurs not only when an officer arrests an individual, but whenever he restrains the individual's freedom to walk away. Tennessee v. Garner, --- U.S. ----, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985). While the Supreme Court's consideration of what conduct constitutes a seizure for Fourth Amendment purposes has thus far been limited to restraint imposed prior to or short of an arrest (see, e.g., Tennessee v. Garner, 105 S.Ct. at 1699 (apprehension of fleeing subject by use of deadly force constitutes a "seizure" actionable under section 1983); United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975) (border stop of automobile for questioning is "seizure"); Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968) (investigative stop of citizen on the street which is short of arrest is "seizure" ), we are persuaded that once a seizure has occurred, it continues throughout the time the arrestee is in the custody of the arresting officers. See Augustine v. Doe, 740 F.2d at 324-27 (complaint alleging that sheriffs took plaintiff and his dog to the sheriff's department at gunpoint, detained plaintiff, and threatened him with arrest, imprisonment, and fines, states section 1983 claim for violation of the Fourth Amendment right to be free from unreasonable seizure). Therefore, excessive use of force by a law enforcement officer in the course of transporting an arrestee gives rise to a section 1983 claim based upon a violation of the Fourth Amendment.
 
 
 26
 The Robinses' arrests plainly constituted seizures for Fourth Amendment purposes. These seizures continued while the Robinses were en route to the sheriff's department in the custody of the arresting officers. The jury found that the officers' excessive use of force to restrain the Robinses while en route to the sheriff's department was unreasonable. Therefore, the officers' conduct violated the Fourth Amendment, and the district court correctly denied appellants' motion for a judgment notwithstanding the verdict, or in the alternative for a new trial, on the Robinses' section 1983 claim.
 
 IV
 PENDENT STATE CLAIMS
 
 27
 Appellants next contend that the district court erred in separately presenting to the jury the Robinses' pendent state claims for intentional infliction of emotional distress and assault and battery. Appellants argue that emotional distress resulting from the commission of the tort of assault and battery does not by itself provide the foundation for a second separate tort of intentional infliction of emotional distress (outrage). Appellants' argument centers around their assertion that the sheriffs' conduct in the instant case was not sufficiently outrageous in character or extreme in degree as to constitute the tort of outrage.
 
 
 28
 The parties agree that in order to recover for the tort of outrage under Washington law, the plaintiff must allege and prove conduct which is outrageous and extreme. Grimsby v. Samson, 85 Wash.2d 52, 59, 530 P.2d 291, 295 (1975). In Grimsby, the Washington Supreme court adopted the standard set forth in the Restatement (Second) of Torts Sec. 46, comment (d). The court summarized the standard as follows:
 
 
 29
 [I]t is not enough that a 'defendant has acted with an intent which is tortious or even criminal, or that he was intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.' Liability exists 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. '
 
 
 30
 Grimsby v. Samson, 85 Wash.2d at 59, 530 P.2d at 295 (emphasis in original) (quoting Restatement (Second) of Torts Sec. 46, comment (d) (1965)).
 
 
 31
 The question whether particular conduct is sufficiently outrageous is a jury question. Jackson v. Peoples Federal Credit Union, 25 Wash.App. 81, 84, 604 P.2d 1025, 1028 (1979). It is the trial court's duty, however, to make an initial determination that reasonable minds could differ on whether the conduct is sufficiently extreme and outrageous to result in liability, so as to warrant a factual determination by the jury. Contreras v. Crown Zellerbach Corp., 88 Wash.2d 735, 740, 565 P.2d 1173, 1176 (1977); Phillips v. Hardwick, 29 Wash.App. 382, 387, 628 P.2d 506, 510 (1981); Jackson v. Peoples Federal Credit Union, 25 Wash.App. at 84, 604 P.2d at 1028. In making its threshold determination, the court should consider (a) the position of authority which the defendant occupies; (b) whether plaintiff was peculiarly susceptible to emotional distress, and if defendant knew this fact; (c) whether defendant's conduct was privileged; (d) the degree of emotional distress caused; and (e) whether the defendant was aware that there was a high probability that his conduct would cause such distress. Phillips v. Hardwick, 29 Wash.App. at 388, 628 P.2d at 510; Jackson v. Peoples Federal Credit Union, 25 Wash.App. at 86-87, 604 P.2d at 1029.
 
 
 32
 In the instant case, the trial court made the initial determination that the Robinses had stated a legally cognizable claim for the tort of outrage in its ruling on appellants' second motion for summary judgment. Washington law supports the court's ruling. In Chambers-Castanes v. King County, 100 Wash.2d 275, 669 P.2d 451 (1983), plaintiffs brought suit against a county and its sheriffs, alleging a failure to respond in a timely manner to plaintiffs' call for assistance. The Washington Supreme Court found the sheriffs' failure to promptly respond to a call sufficiently outrageous and extreme to establish a prima facie case of the tort of outrage. 100 Wash.2d at 288-89, 669 P.2d at 459-60. The sheriffs in the instant case were in a similar position of authority, their conduct caused the Robinses severe emotional distress transcending mere annoyance or embarrassment, the police officers should have been aware that such distress would be the likely result of their conduct, and the sheriffs' conduct was not in good faith. Therefore, the district court did not err in overruling appellants' summary judgment motion.
 
 
 33
 The district court's ruling denying appellants' JNOV/new trial motion was also correct because there is substantial evidence in the record to support the jury's verdict. The eyewitness testimony of John Snyder, Belinda Murphy and Della Harris established that the officers manhandled both Connie and Ronnie without any apparent provocation, that the Robinses were calling to the gathering spectators for help, and that Ronnie did not actively fight back. Ronnie testified that he sustained injuries to his wrist and back during the scuffle, and that he felt degraded and humiliated by the incident and suffers continuing emotional trauma. Connie testified that her clothes were ripped and her body bruised as a result of the scuffle, and that she since has suffered embarrassment and emotional problems.
 
 
 34
 Because the district court's initial ruling on appellants' summary judgment motion was consistent with Washington law and the jury's factual findings were supported by substantial evidence in the record, the district court's ruling on appellants' JNOV/new trial motion was correct. Therefore, we affirm the district court's judgment on the pendent state claims.
 
 V
 ATTORNEYS' FEES ON APPEAL
 
 35
 Finally, the Robinses request an award of attorneys' fees for their attorneys' services on appeal in the event that they prevail on this appeal. Under 42 U.S.C. Sec. 1988, federal courts have discretion to award fees to the prevailing party in a section 1983 action "as part of the costs." We refuse to exercise our discretion to make such an award in the instant case because counsel for the Robinses failed to provide this court with any analysis of the applicability of Parratt to the Fourth Amendment claim alleged in the complaint and presented to the jury in this case. As a result, this court was required to engage in independent research on the Fourth Amendment issue, which was not adequately briefed or presented by counsel at oral argument. Therefore, the Robinses' request for fees for their attorney's services on this appeal is denied.
 
 VI
 CONCLUSION
 
 36
 The district court's ruling denying appellants' JNOV/new trial motions is affirmed. The Robinses' request for attorneys' fees for their attorney's efforts in successfully defending this appeal is denied.
 
 
 
 [1]
 The question is unsettled in this circuit. Compare Rutledge v. Arizona Board of Regents, 660 F.2d 1345 (9th Cir.1981) (Parratt analysis is applicable to deprivation of liberty occasioned by random, unauthorized act), aff'd on other grounds sub nom Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) and Wakinekona v. Olim, 664 F.2d 708 (9th Cir.1981) (Parratt not applicable to deprivation of a liberty interest protected by the Fourteenth Amendment), rev'd on other grounds, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Moreover, the issue is currently pending before the Supreme Court in a case to be decided next term, Daniels v. Williams, 720 F.2d 792 (4th Cir.1983), aff'd on reh'g, 748 F.2d 229 (4th Cir.1984), cert. granted, --- U.S. ----, 105 S.Ct. 1168, 84 L.Ed.2d 320 (1985)
 
 
 [2]
 The Robinses do not contend that their arrests were unlawful. Their section 1983 claim turns upon their allegations and proof of excessive use of force rather than upon a claim of unlawful arrest
 
 
 [3]
 In Haygood v. Younger, this court held that conduct which occurs pursuant to an established institutional practice is not subject to the Parratt analysis because it is not random or unauthorized. Because the prison officials' conduct in Haygood occurred pursuant to an institutional practice, we did not discuss the applicability of the Parratt analysis to a deprivation of liberty
 
 
 [4]
 This court's decision in Rutledge v. Arizona Board of Regents is similarly inapplicable to the Robinses' Fourth Amendment claim. Rutledge involved an assault by a state university football coach upon a student football player; no Fourth Amendment violation was alleged