962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald GORDON; Shirley Gordon; Connie Gordon, a minor and
Marshall Gordon, a minor, by and through their
Guardian ad Litem, Shirley Gordon,
Plaintiffs-Appellants,
v.
CITY OF SEASIDE, CALIFORNIA; B.W. Cooper, individually and
in his capacity as Chief of Police for the City of
Seaside; Officer Smith, Officer Swope
and Officer Harvey,
Defendants-Appellees.
 Nos. 89-15479, 89-15810.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided April 23, 1992.
 
 Before TANG, PREGERSON and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald and Shirley Gordon, for themselves and as guardian ad litem for their children, Marshall and Connie Gordon, instituted a 42 U.S.C. § 1983 action against the City of Seaside and Chief of Police B.W. Cooper, in his official capacity (collectively "Seaside"). Donald and Shirley Gordon maintained that Seaside police officers arrested them without probable cause on charges of felony child neglect. Following a jury verdict in favor of the Gordons, Seaside moved for judgment notwithstanding the verdict ("JNOV"), which was granted. The district court reasoned that there was insufficient evidence to support the verdict. The Gordons appeal. We affirm in part and reverse in part.
 
 I.
 
 3
 Seaside contends that there was insufficient evidence presented at trial to support the jury's verdict that the officers did not have probable cause to arrest Donald and Shirley Gordon for felony child neglect. Seaside argues that JNOV was properly ordered because, after all the evidence was presented, there was but one reasonable conclusion as to the verdict. See Garvin v. Greenback, 856 F.2d 1392, 1396 (9th Cir.1988).
 
 
 4
 We hold that there was sufficient evidence to support the jury's verdict that the officers lacked probable cause. Shirley Gordon testified that the family was living with Donald's father and that the children's dirty condition on the day of their arrest at the park was the result of the children's playing at the park. The jury was entitled to believe this testimony and infer that the family was not living out of their van. Complementing Shirley Gordon's testimony was expert testimony stating that this was not a case of felony child neglect if the Gordons were not living out of the van. Together, this testimony constitutes sufficient evidence that the officers did not have probable cause to arrest the Gordons for felony child neglect. Because there was sufficient relevant evidence to support the conclusion reached by the jury, the district court must be reversed. See Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986).
 
 II.
 
 5
 Next, Seaside contends that, because the jury determined that the officers at the park already had probable cause to arrest Donald Gordon for interference with a police officer, the seizure of Donald Gordon at the police station on the charge of felony child neglect could not violate the Fourth Amendment. We agree.
 
 
 6
 In Robins v. Harum, 773 F.2d 1004, 1010 (9th Cir.1985), we held that, once a seizure has occurred, the seizure continues throughout the time the arrestee is in the custody of the arresting officers. In Kanekoa v. City and County of Honolulu, 879 F.2d 607, 612 (9th Cir.1989), cert. denied, 111 S.Ct. 2055 (1990), we held that the Fourth Amendment does not prohibit the police from investigating a suspect while the suspect is legally detained. However, the Fourth Amendment does not permit the police to detain a suspect in order to build a case of probable cause. Id.
 
 
 7
 There was no second seizure of Donald Gordon at the police station necessitating the existence of probable cause because he was already in the continuous custody of the police since his arrest at the park. See Robins, 773 F.2d at 1010. The jury found that the officers had probable cause to arrest Donald Gordon for interfering with the police officers at the park. Absent an arrest by a police officer without probable cause, Donald Gordon is not entitled to damages pursuant to 42 U.S.C. § 1983. See McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir.1984). Therefore, the damage award in favor of Donald Gordon must be reversed.[1]
 
 III.
 
 8
 Finally, Seaside contends that, because the jury also found that the officers had probable cause to take the Gordon children into protective custody, the children cannot recover damages. In the petition for protective custody, the Social Services Division alleged that the children were living in an unfit place, due to child neglect and the filthiness of the van. The petition further alleged that one of the Gordon children was drinking spoiled and curdled milk. The agency also indicated that there was no parent or guardian capable of exercising control over the children because the parents were in jail. Seaside argues that the agency's petition stated sufficient independent reasons to retain custody of the children even if the Gordons had been available to resume care for the children.
 
 
 9
 The jury could have reasonably determined that the Social Services division was compelled to file a protective custody petition to make the children a ward of the court because Donald and Shirley Gordon had been unlawfully jailed, thus preventing the agency from returning the children to them. Even though the jury found that there was probable cause for a temporary separation of the children from the parents in order to conduct further investigation into the living conditions of the children, the jury also found that there was not probable cause for the extended separation caused by the unlawful arrest of the parents. Because children have a substantive due process right to familial companionship and society with their parents, Smith v. City of Fontana, 818 F.2d 1411, 1418-20 (9th Cir.), cert. denied, 484 U.S. 935 (1987), Marshall and Connie Gordon are entitled to the damages awarded to them by the jury pursuant to 42 U.S.C. § 1983.
 
 IV.
 
 10
 We reverse the district court's conclusion that there was insufficient evidence to support the verdict of the jury. JNOV was not properly ordered in this case. The jury verdict for Shirley, Marshall and Connie Gordon is reinstated. However, we affirm the district court's conclusion that Donald Gordon is not entitled to damages.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART and remanded for entry of judgment in accordance herewith.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the police officers did have probable cause to arrest Donald Gordon at the park for interference with a police officer, only Shirley Gordon is entitled to damages for arrest without probable cause