21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Roy FAUGHT, Plaintiff-Appellant,
v.
John COUGHLIN, Defendant-Appellee.
 No. 93-15381.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Roy Faught appeals pro se the district court's order granting defendant's motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Faught contends that during his arrest, the defendant, a Nevada highway patrolman, violated his Constitutional rights under the Fourth and Fourteenth Amendments by: (a) conducting an illegal inventory search of his automobile; (b) handcuffing and seating him next to the highway in the sun for over one hour while the vehicular search was being conducted; (c) striking him in the chest without provocation en route to the jail; and (d) confiscating and failing to return property after the vehicular inventory search. Faught also contends that the district court erred by denying his July 6, 1992 motion for default judgment, and his August 13, 1992 motion for summary judgment. We have jurisdiction under 28 Sec. U.S.C. 1291. We affirm in part as to Faught's procedural error claims, his illegal search claim and his due process claim. We reverse and remand to the district court as to his illegal seizure and excessive force claims.
 
 
 3
 We review a district court's denial of a motion for default judgment under Fed.R.Civ.P. 55(b) for an abuse of discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). We review de novo the district court's grant or denial of a motion for summary judgment. Securities and Exchange Comm'n v. Belmont Reid & Co., 794 F.2d 1388, 1390 (9th Cir.1986).
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045.
 
 
 5
 To establish liability under Sec. 1983, the plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 1. Denial of default judgment
 
 6
 The party against whom judgment by default is sought shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. Fed.R.Civ.P. 55(b)(2). The denial of default judgment is proper when failure to answer is excusable neglect. Eitel, 782 F.2d at 1471.
 
 
 7
 Here, the district court denied Faught's motion for default judgment when it found that his service of the motion on Coughlin's attorney was deficient. Thus, because the district court found excusable neglect and ordered the re-service of the motion, it did not abuse its discretion by denying Faught's motion for default. See Fed.R.Civ.P. 55(b)(2); Eitel, 782 F.2d at 1471.
 
 2. Denial of summary judgment
 
 8
 Fed R.Civ.P. 36(a) states that a matter of which an admission is requested shall be deemed admitted if the responding party fails to serve the requesting party with a written answer or objection within 30 days after service of the request or within such shorter or longer time as the court may allow.
 
 
 9
 Here, Faught contends that Coughlin's failure to timely serve responses to his request for admissions pursuant to Fed R.Civ.P. 36(a) established facts that supported his motion for summary judgment. This contention lacks merit.
 
 
 10
 Although Coughlin failed to timely serve Faught with responses to his request for admissions within 30 days of service,[1] 13 of the 21 requests for admissions had already been admitted by Coughlin in other pleadings. The remaining eight requests for admissions[2], which are deemed admitted pursuant to Fed R.Civ.P. 36(b) were either irrelevant to Faught's claims or failed to demonstrate that there were no genuine issue of material fact entitling him to judgment as a matter of law. See Fed R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). Thus, the court did not err in denying Faught's motion for summary judgment. See Celotex, 477 U.S. at 322.
 
 3. Illegal search of vehicle claim
 
 11
 An inventory search of an impounded vehicle by the police is a reasonable search under the Fourth Amendment if conducted according to the standard procedures of a law enforcement agency. South Dakota v. Opperman, 428 U.S. 364, 367 (1976); United States v. Mancera-Londono, 912 F.2d 373, 375 (9th Cir.1990). A search of the contents of locked containers during a vehicle inventory does not offend the Fourth Amendment. Colorado v. Bertine, 479 U.S. 367, 371 (1987).
 
 
 12
 Here, pursuant to Nev.Rev.Stat. Sec. 482.540, Coughlin impounded Faught's vehicle without a warrant when Coughlin discovered that Faught was operating it without registration or a valid driver's license. Coughlin proceeded to conduct an inventory search of the vehicle pursuant to Nevada Highway Patrol Policy 9.3. During the inventory search, Coughlin discovered prison documents in the glove compartment identifying Faught under a different name than he originally gave. Coughlin then arrested him for giving false information to a police officer.
 
 
 13
 Coughlin presented an affidavit stating that he followed department policy in searching and inventorying the impounded vehicle. Faught presented no evidence refuting the propriety of the policy, nor did he adequately challenge the fact that a written inventory was in fact taken. Therefore, the inventory search of the vehicle was reasonable and the subsequent discovery of the prison documents in the glove compartment did not offend Faught's Fourth Amendment rights. See Bertine, 479 U.S. at 371 (1987); Opperman, 428 U.S. at 367; Mancera-Londono, 912 F.2d at 375. Thus, the district court did not err by granting summary judgment for the defendant with regard to Faught's illegal search claim. See Fed R.Civ.P. 56(c); Taylor, 880 F.2d at 1044.
 
 
 14
 4. Illegal seizure and detention of plaintiff
 
 
 15
 "All claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 395 (1989). Allegations that police used excessive force while transporting a suspect to the police station after an arrest are also analyzed under the Fourth Amendment. Robins v. Harum, 773 F.2d 1004, 1008-10 (9th Cir.1985). Such claims should be analyzed under the "reasonableness standard," considering whether the officer's actions are "objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Graham, 490 U.S. at 397. This analysis focuses on the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest of attempting to evade arrest by flight. Tennessee v. Garner, 471 U.S. 1, 7 (1985).
 
 
 16
 a) Detention by side of highway
 
 
 17
 Here, it is undisputed that on October 12, 1989 at 1:00 p.m. Coughlin arrested Faught on U.S. highway 95 for ten nonviolent misdemeanor charges.[3] Faught, a 47-year-old man, offered no resistance to the arrest, nor did he present any danger to defendant. For at least one hour Coughlin placed Faught seated and handcuffed beside his vehicle next to the highway blacktop, while Coughlin completed the inventory search. Weather reports indicated that it was sunny and approximately 88 degrees Fahrenheit during the inventory search. Faught made several protests that he suffered from a heart condition and could not take the exposure to the sun. Although Coughlin claims that he offered Faught medical help, his only response to Faught's protests was to sit him on the ground closer to his vehicle. Faught claims (and Coughlin disputes) that he was still exposed to the sun after being moved, and that highway traffic sent pebbles and other debris flying in his direction.
 
 
 18
 Considering the evidence presented in the light most favorable to the nonmoving party, a genuine issue of material fact exists as to Faught's claim that defendant's manner of arresting him while conducting an inventory search was excessive under the circumstances. See Graham, 490 U.S. at 397; Garner, 471 U.S. at 7; Robins, 773 F.2d at 1008-10. Accordingly, the district court erred in granting summary judgment in favor of defendant as to Faught's illegal detention claim. See Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 19
 b) Use of excessive physical force
 
 
 20
 Faught claims that during the trip to jail, Coughlin struck him in the chest and refused to give him a drink of water. These two incidents occurred after Faught had been sitting handcuffed next to the highway for a least one hour and had informed defendant several times that he suffered from a heart condition. It is undisputed that Faught did not attempt to resist arrest nor did he present a danger to the defendant while Faught was being transported to jail. Coughlin denies that he struck or mistreated Faught en route to jail.
 
 
 21
 Considering the evidence presented in the light most favorable to the nonmoving party, a genuine issue of material fact exists as to Faught's claim that Coughlin used excessive force in restraining him en route to jail. See Graham, 490 U.S. at 397; Garner, 471 U.S. at 7; Robins, 773 F.2d at 1008-10. Accordingly, the district court erred in granting summary judgment in favor of Coughlin as to Faught's excessive force claim. See Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 5. Due process violation
 
 22
 Deprivation of property is not a cognizable claim under Sec. 1983 when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights. Hudson v. Palmer, 468 U.S. 517, 530-33 (1983); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 23
 Here, Faught's complaint alleges that his car and some of his personal property taken at the time his arrest were not returned to him.[4] Faught, however, does not challenge the validity of the procedures used to confiscate his property, and therefore states a claim of conversion cognizable under state, not federal law. See Parratt, 451 U.S. at 541. Because post-deprivation relief was in fact available to Faught in state court, his constitutional right to due process was not violated. See Hudson, 468 U.S. at 530-33; Parratt 451 U.S. at 543-44. Thus, the district court did not err by granting summary judgment for the defendant with regard to Faught's procedural due process claim. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d at 1044.
 
 
 24
 We therefore AFFIRM the district court's dismissal of Faught's motions for default and summary judgment claims, and his illegal search and due process claims. We VACATE the district court's dismissal of his illegal detention and excessive force claims, and REMAND for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Faught served Coughlin with requests for admissions on June 29, 1992. Coughlin served Faught with his responses on August 3, 1992. Coughlin did not make a request to the court for an extension of time to respond to the requests for admissions
 
 
 [2]
 (a) Coughlin had never been previously employed by law enforcement agency; (b) Coughlin never attended law enforcement classes prior to his employment with the Nevada Highway Patrol; (c) Coughlin never attended law enforcement classes during his employment with the Nevada Highway Patrol; (d) Coughlin has never been reprimanded by the Nevada Highway Patrol; (e) Coughlin had previously been a party to a lawsuit in his capacity as an employee of the Nevada Highway Patrol; (f) Coughlin failed to make specific inventory list of Faught's belongings during the October 9, 1989 vehicle search; (g) Coughlin did not have formal education of internal medicine or cardiology; and (h) Coughlin's patrol car was equipped with air conditioning and passenger seats
 
 
 [3]
 Defendant charged Faught with: (1) speeding; (2) unregistered motor vehicle; (3) driving without automobile insurance; (4) driving without a seat belt; (5) driving with a suspended license; (6) providing false information to police; (7) possession of drug paraphernalia; (8) obtaining property under false pretenses; (9) possession of stolen property; (10) possession of stolen credit cards
 
 
 [4]
 In his complaint, Faught claims that the following items were seized by police and not returned: (1) 1982 Buick; (2) legal files; (3) clothing, jewelry and other personal effects; (4) cellular phone