48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rudy G. STANKO, Plaintiff-Appellant,
v.
Wade FISHER, individually and in his official capacity,
Defendant-Appellee.
 No. 94-35503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Appeal from the United States District Court for the District of Montana; No. CV-93-00100-JDS, Jack D. Shanstrom, District Judge, Presiding.
 D.Mont.
 VACATED AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy G. Stanko appeals pro se the district court's dismissal of his action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. In his complaint, Stanko alleged that Montana Highway Patrol Officer Wade Fisher and four unnamed defendants violated his civil rights when Fisher arrested him and subsequently assaulted him. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 In his original complaint, Stanko alleged that Fisher stopped him on a Montana interstate highway for having two children in the front seat of his vehicle. According to the complaint, Fisher ordered Stanko out of his vehicle, and then assaulted him and took $1300 from his wallet. Stanko alleges that Fisher has refused to return the $1300, and that as result of Fisher's assault, he has not regained full use of his arm.
 
 
 5
 Stanko brought this action against Fisher and four unnamed defendants under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), on behalf of himself and all others similarly situated. Stanko also alleged pendent state claims involving violations of Article II of the Montana Constitution. After filing his complaint Stanko sought to subpoena Fisher but was unable to do so because the district court granted Fisher's motion for a protective order and stayed all further discovery pending a ruling on Fisher's motion to dismiss. Subsequently, the district court dismissed Stanko's claim against Fisher because he failed to allege that Fisher was a federal actor subject to liability under Bivens. The district court dismissed Stanko's claim against the four unnamed defendants with leave to amend so that Stanko could identify them.
 
 
 6
 Stanko filed an amended complaint asserting that Fisher was liable under 42 U.S.C. Sec. 1983, and that the unnamed defendants were Fisher's supervisors and would be named or excluded from the complaint once pre-trial discovery was completed. The district court dismissed the amended complaint against the four defendants because Stanko had failed to identify them.[1]
 
 II
 Standard of Review
 
 7
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). A complaint should not be dismissed unless, after all of the plaintiff's allegations of material fact are accepted as true, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Id. Before dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 III
 Analysis
 A. Defendant Fisher
 
 8
 To make out a cause of action under section 1983, a plaintiff must plead that (1) the defendants acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 107 S.Ct. 928 (1987). Actions under section 1983 and Bivens are identical except for the replacement of the state for the federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).
 
 
 9
 The Fourth Amendment, applicable to the states through the Fourteenth Amendment, protects individuals against arrests without probable cause, McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir.1984), and against the use of excessive force during arrest procedures, Robins v. Harum, 773 F.2d 1004, 1008 (9th Cir.1985).
 
 
 10
 Here, taking the factual allegations in Stanko's complaint as true, as we must for purposes of Rule 12(b)(6), see Baker, 859 F.2d at 127, we cannot say that the complaint fails to state a civil rights claim, see McKenzie, 738 F.2d at 1007; Robins, 773 F.2d at 1008. Although Stanko originally erroneously labeled his action as one brought under Bivens, the district court should have considered Stanko's amended complaint which properly alleged 42 U.S.C. Sec. 1983 as the jurisdictional basis for his action. See Noll, 809 F.2d at 1448; Van Strum, 940 F.2d at 409. Accordingly, we vacate the district court's dismissal of Stanko's complaint against Fisher and remand for further proceedings.
 
 B. Four Unnamed Defendants
 
 11
 Stanko contends the district court erred by dismissing his action against the four unnamed defendants after denying him an opportunity to conduct discovery.
 
 
 12
 As a general rule, the use of Doe defendants to identify a defendant is not favored. Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir.1980). Unknown defendants may be included in a complaint in certain circumstances, however, such as when the identity of the alleged defendants is not known prior to the filing of the complaint, but may be identified through discovery. Id.
 
 
 13
 In his amended complaint, Stanko alleged that the four unnamed defendants were Fisher's supervisors and would be named or excluded from the complaint once pretrial discovery was completed. Given that Stanko attempted to discover the identity of the four unnamed defendants, but was prevented from doing so by the district court's protective order, the district court erred by dismissing Stanko's complaint against the four unnamed defendants. See id.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, the district court dismissed Stanko's pendent state claims and denied him class certification. Stanko does not appeal those portions of the district court's order