

FILED

OCT 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK BURDETT, | No. 08-15159 |
| Plaintiff - Appellant, | MEMORANDUM [*] |
| v. | |
| RAMON REYNOSO, et. al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph S. Spero, Magistrate Judge, Presiding

Submitted October 4, 2010 [**]
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY, [***] District
Judge.

Appellant Mark Burdett appeals from the district court's order entering

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral
argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

summary judgment against him in his 42 U.S.C. § 1983 action. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. Buono v. Norton, 371

F.3d 543, 545 (9th Cir. 2004). We review a denial of leave to amend a complaint

and a denial of attorney's fees for abuse of discretion. Griggs v. Pace Am. Group,

Inc., 170 F.3d 877, 879 (9th Cir. 1999); Corder v. Brown, 25 F.3d 833, 836 (9th

Cir. 1994).

I.      Federal False Arrest Claim

There are factual disputes as to whether Officers Reynoso, Smalley, Brown,

Shea, Cesari, Hamilton, and Lazar (the "Arresting Officers") had probable cause to

arrest Burdett. It is undisputed, however, that Burdett was neither on the sidewalk

nor in a crosswalk when he entered the 'parking turnout' on Market Street.

Viewing the evidence in the light most favorable to Burdett, the Arresting Officers

had probable cause, or at least a reasonable belief that probable cause existed, to

arrest Burdett for jaywalking under Cal. Veh. Code. § 21955. See Estate of Ford v.

Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). Accordingly, the district

court properly found that the Arresting Officers were entitled to qualified

immunity on the federal false arrest claim. See Saucier v. Katz, 533 U.S. 194,

205–07 (2001); Edgerly v. City and Cty. of San Francisco, 599 F.3d 946, 954 (9th

Cir. 2010) (citing <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153–55 (2004)) (probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest.).

II.    State False Arrest Claim

It is well established that "governmental immunity under California law is governed by statute." <u>Ogborn v. City of Lancaster</u>, 101 Cal. App. 4th 448, 460 (Cal. Ct. App. 2002). As stated above, the Arresting Officers could have reasonably believed that there was probable cause to arrest Burdett. <u>See</u> Cal. Penal Code § 836.5 (providing immunity if the officer reasonably believed the person to be arrested violated a statute or ordinances in his or her presence). Accordingly, the district court properly found that the Arresting Officers were entitled to statutory immunity on the state false arrest claim.

III.    Federal Excessive Force Claim

Burdett was not seized in any way when Officer Bautista swung his baton at Burdett without touching him. <u>See</u> <u>Robins v. Harum</u>, 773 F.2d 1004, 1009 (9th Cir. 1985) (holding that a seizure occurs "whenever [an officer] restrains the individual's freedom to walk away"). Therefore, the district court properly granted summary judgment of Burdett's excessive force claim in favor of Officer Bautista.

IV.    Request for Leave to Amend

Burdett requested leave to amend *only if* the court dismissed his federal excessive force claim as to Officer Bautista.  See Schlacter-Jones v. Gen. Tel., 936 F.2d 435, 443 (9th Cir. 1991) (a motion for leave to amend "is not a vehicle to circumvent summary judgment") (overturned on other grounds).  Further, Burdett has already filed three complaints, so he has had ample opportunity to address any perceived deficiencies.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  And he failed to provide new facts to justify the amendment or offer an explanation for the delay.  See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  Therefore, the district court did not abuse its discretion by denying Burdett's request to amend his second amended complaint.

V.    Motion for Attorney's Fees

We lack  jurisdiction to review the district court's order denying Burdett's motion for attorney's fees.  Burdett's original notice of appeal was premature, and he failed to file a second notice of appeal once the district court's order was rendered.  See Whitaker v. Garcetti, 486 F.3d 572, 585 (9th Cir. 2007).

AFFIRMED.