NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA DIMMIG, a single man,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF PIMA, a political subdivision of the State of Arizona; CLARENCE DUPNIK, Pima County Sheriff; LAURA YBARRA, Pima County Sheriff; SCOTT MCLEOD, Pima County Sheriff Deputy; STEVEN LOVE, Pima County Sheriff Deputy,<br><br>              Defendants - Appellees. | No. 12-15953<br><br>D.C. No. 4:09-cv-00189-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Plaintiff Joshua Dimmig appeals the district court's grant of summary judgment to defendants on his 42 U.S.C. § 1983 claim for a violation of his Fourth Amendment right to be free from excessive force during a seizure.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plantiff does not argue that the police car's rolling over him was anything but an accident. Police officers' conduct only implicates the Fourth Amendment when it involves "*means intentionally applied*." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989). "[T]he Fourth Amendment addresses 'misuse of power,' *Byars v. United States*, 273 U.S. 28, 33 (1927), not the accidental effects of otherwise lawful government conduct." *Id.* at 596. Here, because the car was not a "means intentionally applied," the Fourth Amendment was not implicated.

Nor does this court's "'continuing seizure' rule, which provides that 'once a seizure has occurred, it continues throughout the time the arrestee is in the custody of the arresting officers," *Torres v. City of Madera*, 524 F.3d 1053, 1056 (9th Cir. 2008) (quoting *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985)), help plaintiff. Even under the continuing seizure rule, the officers must apply a use of force—in other words, a means intentionally applied, *Brower*, 489 U.S. at 597—to implicate the Fourth Amendment.

Because the officers' negligent conduct causing the accident did not implicate the Fourth Amendment, we affirm the grant of summary judgment.

**AFFIRMED.**