**Georgia BROWER, individually and as administrator of the Estate of William James Caldwell (Brower); William James Caldwell (Brower); Decedent; Scott Daniel King, a minor; Renee King, individually and as Guardian ad litem for Scott Daniel King, Plaintiffs–Appellants,**

v.

**COUNTY OF INYO; Inyo County Sheriff's Department; Donald Dorsey; Craig Oyster; Reginal Sides; James M. Holmgren; Missouri Nebraska Express and Tractor Lease, Inc., Defendants–Appellees.**

No. 85–2857.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1989.

Before GOODWIN, Chief Judge, CHOY and PREGERSON, Circuit Judges.

## ORDER

This case grew out of a high speed car chase involving Brower, an auto theft suspect, and pursuing police. The chase ended when Brower ran into a roadblock which had been constructed by police and sustained fatal injuries. The roadblock consisted of an 18–wheel truck parked across both lanes of the two-lane highway on which Brower was traveling, and a police car positioned between the truck and Brower's oncoming vehicle with its headlights on and pointed in the direction from which Brower approached.

Appellants, Brower's heirs, brought this 42 U.S.C. § 1983 action, claiming *inter alia* that stopping Brower with the roadblock effected an unreasonable seizure in violation of the Fourth Amendment. The district court granted appellees' motion to dismiss the Fourth Amendment portion of the complaint for failure to state a claim on the ground that the roadblock was not unreasonable under the circumstances. A divided panel of this court affirmed the dismissal of the Fourth Amendment claim on the

ground that no "seizure" had occurred. 817 F.2d 540, 545–46 (9th Cir.1987). The Supreme Court granted certiorari, 487 U.S. ——, 108 S.Ct. 2869, 101 L.Ed.2d 904 (1988), and reversed, holding that the roadblock did constitute a seizure. The Supreme Court remanded "for consideration of whether the District Court properly dismissed the Fourth Amendment claim on the basis that the alleged roadblock did not effect a seizure that was 'unreasonable' ".

There is some dispute between the parties as to the nature of the roadblock. However, in reviewing the grant of a motion for dismissal for failure to state a claim, "[a]ll material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party." *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986). Thus we must accept plaintiffs' contentions that the truck was unilluminated and positioned "behind a curve," and that the deceased was "blind[ed]" by the headlights of the police car turned in the direction of his approach.

In *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the Supreme Court set forth the circumstances under which deadly force may be used to prevent the escape of an unarmed suspected felon. The Court concluded that "such force may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or physical injury to the officer or others." *Id.* 471 U.S. at 3, 105 S.Ct. at 1697.

In *Garner*, an officer fatally shot an apparently unarmed burglary suspect as he prepared to jump a fence. Here, the district court distinguished *Garner*, concluding that the high speed chase along the highway constituted a "substantial threat," absent in *Garner*, "to the chasing officers, other drivers and passersby."

Even if we assume *arguendo*[1] that the chase constituted as a matter of law the

---

**1.** It is not clear from *Garner* that the "substantial threat" requirement is satisfied by danger that is present only as a result of police pursuit.

For instance, the Sixth Circuit opinion which the Court reviewed in *Garner, Garner v. Memphis Police Dept.*, 710 F.2d 240, 246 (6th Cir.

"significant threat" required by *Garner* as a condition for the use of deadly force, there remains the question whether such force was necessary to prevent the escape. Necessity is the second prerequisite for the use of deadly force under *Garner*. The necessity inquiry is a factual one: Did a reasonable non-deadly alternative exist for apprehending the suspect?

A dismissal for failure to state a claim "cannot be upheld unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Sanders*, 794 F.2d at 481. Here, it cannot be said with certainty that no non-deadly alternative existed. This is a question of fact, and thus granting the motion for failure to state a claim was error.

We REVERSE and REMAND to the district court for further proceedings.

Before WALLACE, TANG and NELSON, Circuit Judges.

---

1983), held that deadly force is only appropriate "when the suspect poses a threat to the safety of the officers or a danger to the community *if left at large.*" (Emphasis added.) In this case, it might be argued that the substantial threat requirement was not met because any danger proceeded from the fact that the police gave chase. This is not to say that the police should never chase suspected car thieves, only that the danger created by the chase would not give them license to use deadly force when it is necessary to prevent escape. We need not address this question and express no opinion on it. It is one which the district court may have to face and of which it should be aware.