983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. GALLO, Plaintiff-Appellant,
v.
Sgt. Nirgiz MILLER, Defendant-Appellee.
 No. 91-15697.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1992.*
Decided Jan. 4, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On March 12, 1990, plaintiff Richard Edison Gallo filed a civil rights complaint pursuant to 42 U.S.C. § 1983. His complaint alleged that on or about November 5, 1989, at which time he was incarcerated in the Nevada State Prison in Carson City, Nevada, defendant Correctional Sergeant Miller stole $364.90 worth of personal property from Gallo. Defendant Miller denied this allegation and filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). On March 28, 1991, the district court entered an amended judgment on the pleadings in favor of defendant. Gallo filed a timely notice of appeal under Houston v. Lack, 487 U.S. 266, 270 (1988). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 A. Standard of Review
 
 3
 Pursuant to Fed.R.Civ.P. 12(h)(2), a motion made pursuant to Fed.R.Civ.P. 12(c) may be used to raise a Fed.R.Civ.P. 12(b)(6) defense. George C. Frey Ready-Mixed Con. v. Pine Hill C.M., 554 F.2d 551, 553 n. 2 (1977). A dismissal for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.1986); Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). Such a dismissal cannot be upheld unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. Halet v. Wend Inv. Co., 672 F.2d 1305, 1309 (9th Cir.1982). All material allegations in the complaint are to be accepted as true and construed in the light most favorable to the nonmoving party. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.1983). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).
 
 B. Merits
 
 4
 In his § 1983 action, plaintiff Richard Edison Gallo claims that Correctional Sergeant Miller's actions violated his Fourteenth Amendment Due Process rights. As Justice Stevens pointed out in his concurring opinion in Daniels v. Williams, 474 U.S. 327 (1986), the Due Process Clause of the Fourteenth Amendment is the source of three different kinds of constitutional protection: it guarantees fair procedure, sometimes referred to as "procedural due process"; it incorporates specific protections defined in the Bill of Rights; and it contains a substantive component, sometimes referred to as "substantive due process," which bars certain arbitrary government actions "regardless of the fairness of the procedures used to implement them." Id. at 337.
 
 
 5
 Plaintiff recognizes that Parratt v. Taylor, 451 U.S. 527 (1981), is fatal to any procedural due process claim he might proffer. Under Parratt, "postdeprivation remedies made available by the State can satisfy the Due Process Clause." Id. at 538. This is so whether the deprivation of property is negligent or intentional. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("While Parratt is necessarily limited by its facts to negligent deprivations of property, it is evident, as the Court of Appeals recognized, that its reasoning applies as well to intentional deprivations of property."). Because the state of Nevada makes available to Gallo adequate post-deprivation remedies under Nevada Rev.Stat. §§ 73.010 and 41.036 (1989), he cannot state a claim upon which relief can be granted under the procedural component of the Due Process Clause of the Fourteenth Amendment.
 
 
 6
 However, as plaintiff correctly points out, Parratt and the availability of adequate state remedies do not bar § 1983 claims based on the substantive component of the Due Process Clause of the Fourteenth Amendment. See, e.g., Daniels, 474 U.S. at 338 ("[I]f the claim is in the second category (a violation of the substantive component of the Due Process Clause), a plaintiff may also invoke § 1983 regardless of the availability of a state remedy.") (Stevens, J., concurring); Mann v. City of Tucson, Dep't of Police, 782 F.2d 790, 792 (9th Cir.1986) ("The Parratt rationale does not apply to a denial of substantive due process, for in such a case the deprivation is the taking of property or liberty itself, not the process by which the taking is accomplished, and the availability of neither pre- nor post-deprivation process is relevant."). Plaintiff attempts to force his claim into the substantive component of the Due Process Clause of the Fourteenth Amendment by alleging that defendant stole his property outside the scope of any prison activities.
 
 
 7
 We note at the outset that the Supreme Court has stated that a prisoner has no substantive right to possess property:
 
 
 8
 Assuming that the Fourth Amendment protects against the destruction of property, in addition to its mere seizure, the same reasons that lead us to conclude that the Fourth Amendment's proscription against unreasonable searches is inapplicable in a prison cell, apply with controlling force to seizures. Prison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests.
 
 
 9
 Hudson, 468 U.S. at 528 n. 8.
 
 
 10
 Moreover, the Supreme Court recently has made clear that if a claim implicates a specific constitutional right, then the claim should be analyzed under the standard that governs that right and not under the substantive component of the Due Process Clause of the Fourteenth Amendment. Specifically dealing with an excessive force claim brought under § 1983, the Supreme Court stated:
 
 
 11
 The validity of the claim must [ ] be judged by reference to the specific constitutional standard which governs that right.... Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.
 
 
 12
 Graham v. Connor, 490 U.S. 386, 394-95 (1989). In Gallo's case, the Fourth Amendment provides an explicit textual source of constitutional protection against unreasonable seizures of property. Under Graham, we must therefore analyze Gallo's claim under the Fourth Amendment. Accordingly, because a prisoner has no substantive right to possess property and because we must analyze Gallo's claim under the Fourth Amendment, Gallo can state no claim upon which relief can be granted under the substantive component of the Due Process Clause of the Fourteenth Amendment.
 
 
 13
 Turning to the Fourth Amendment, we note initially that Parratt and the availability of adequate state remedies do not bar § 1983 claims based on violation of specific constitutional guarantees. See, e.g., Daniels, 474 U.S. at 337-38 ("If the claim is ... (a violation of one of the specific constitutional guarantees of the Bill of Rights), a plaintiff may invoke § 1983 regardless of the availability of a state remedy.") (Stevens, J., concurring). Accordingly, this court repeatedly has held that a plaintiff may seek redress under § 1983 for Fourth Amendment violations. See, e.g., Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir.) ("Hence, an allegation that force used during a personal seizure was excessive ... states a claim for relief under section 1983 predicated upon the Fourth Amendment."), cert. denied, 484 U.S. 935 (1987); Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.1986) ("[T]he Parratt analysis does not apply to claims brought under the fourth amendment.") (footnote omitted); Robins v. Harum, 773 F.2d 1004, 1009 (9th Cir.1985) ("Since Parratt, other circuits have noted the existence of the distinction between a Fourteenth Amendment claim for deprivation of life, liberty or property without due process and a claim based upon a violation of Fourth Amendment rights, and have refused to apply the Parratt analysis to the latter.... Therefore, we conclude that the Parratt analysis is not applicable to a claim, such as the instant excessive use of force claim, brought under the Fourth Amendment.").
 
 
 14
 Although a prisoner enjoys some Fourth Amendment protection, the Supreme Court made clear in Hudson that a prisoner has no reasonable expectation of privacy entitling him to the protection of the Fourth Amendment against unreasonable searches of his cell. Reversing the Fourth Circuit's determination that a prisoner has a "limited privacy right" entitling him to protection against searches of his cell conducted solely to harass or to humiliate him, the Supreme Court stated:
 
 
 15
 [W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.
 
 
 16
 Hudson, 468 U.S. at 525-26 (footnote and citation omitted). Because a prisoner enjoys no Fourth Amendment protection against unreasonable searches of his cell, Gallo can state no claim upon which relief can be granted under the Fourteenth Amendment's incorporation and protection of specific constitutional guarantees.
 
 CONCLUSION
 
 17
 Gallo can state no claim upon which federal relief can be granted. The only relief to which Gallo may be entitled is that provided by the state of Nevada. Accordingly the district court's judgment on the pleadings in favor of the defendant in Gallo's § 1983 suit is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3