993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donzel RUDULPH, Plaintiff-Appellant,
v.
L. LEMIRE, et al., Defendants-Appellees.
 No. 91-15776.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former California state prisoner Donzel Rudulph appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials physically assaulted him and used radio frequencies to hurt and control him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.
 
 
 3
 * Standard of Review
 
 
 4
 Although the defendants moved for dismissal pursuant to 28 U.S.C. § 1915(d) on the basis that Rudulph's claims were frivolous, we construe the district court's dismissal after service of process as a dismissal on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6).[1] A dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is a ruling on a question of law reviewed de novo. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.1986). Such a dismissal cannot be upheld unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. Halet v. Wend Inv. Co., 672 F.2d 1305, 1309 (9th Cir.1982). All material allegations in the complaint are to be accepted as true and construed in the light most favorable to the nonmoving party. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.1983).
 
 II
 Merits
 A. Harassment Claim
 
 5
 Rudulph contends that prison officials approached him in the prison hallway while he was rolling a cigarette, handcuffed him and in the process injured his wrist and back. He further contends that after officials injured him, they placed him in "the cage" and issued him a false disciplinary report.
 
 
 6
 The use of excessive force by a prison official constitutes a violation of the eighth amendment. See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992); Spain v. Procunier, 600 F.2d 189, 194 (9th Cir.1979). Whether there has been an eighth amendment violation turns upon whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson, 112 S.Ct. at 996 (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)). Such factors as the need for the application of force, the relationship between the need and the amount of force that was used and the extent of injury inflicted are relevant to that determination. Id. at 996; Whitley, 475 U.S. at 321.
 
 
 7
 Here, taking the allegations in Rudulph's complaint as true, we cannot say that it appears to a certainty that Rudulph would not be entitled to relief. Accordingly, the district court erred by dismissing Rudulph's harassment claim. See Halet, 672 F.2d at 1309.
 
 B. Surveillance Claim
 
 8
 In his complaint, Rudulph asserted that prison officials used radio frequencies and electronic implants to control and hurt him. The district court found Rudulph's surveillance claims wholly fanciful and frivolous. We agree. Accordingly, the district court did not err by dismissing Rudulph's surveillance claim pursuant to Rule 12(b)(6).[2]
 
 
 9
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although it appears that the defendants submitted evidence outside the pleadings, no motion for summary judgment was ever made and its appears the court dismissed the action based on the pleadings alone. Accordingly, because evidence outside the pleadings may not be considered in deciding a 12(b)(6) motion, we do not consider the reports submitted by the defendants. See Baker v. McNeil Island Corrections Ct., 859 F.2d 124, 127 (9th Cir.1988) (review for failure to state a claim limited to complaint)
 
 
 [2]
 We deny Rudulph's motion for a default order against the defendants