**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANU DUBE, | No. 08-16678 |
| Plaintiff - Appellant, | D.C. No. 4:08-CV-00148-JMR |
| v. | |
| DINSHAW CONTRACTOR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted December 3, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Manu Dube appeals from the district court's grant of defendants' motion to

dismiss under Fed. R. Civ. P. 12(b)(6). We affirm. Because the parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

familiar with the factual and procedural history of this case, we need not recount it here.

I

A dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). We cannot uphold such dismissal "unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. All material allegations in the complaint are taken as true and construed in the light most favorable to the non-moving party." *Id*. (citations omitted).

To support a § 1983 claim based on damage to reputation, a plaintiff must show that the alleged reputational harm was accompanied by the additional deprivation of "some more tangible interest." *Paul v. Davis*, 424 U.S. 693, 701-702 (1976). Dube has failed to allege a tangible injury stemming from Contractor's negative employment reference sufficient to turn his defamation claim into one implicating rights of a federal or statutory dimension. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (plaintiff's alleged serious impairment of future employment opportunities and failure to get job offer from potential employer arose directly from allegedly defamatory statements and thus were insufficient to give rise to a constitutional violation).

2

Dube's allegations of defamatory retaliation for First Amendment activity are not sufficient to meet the requirements of *Paul v. Davis,* as we held in *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1044-45 (9th Cir. 1994). Dube contends that *Gini* is immaterial due to more recent cases announcing a three-prong test for establishing a First Amendment claim in the student speech context. Dube further contends that he need not allege the deprivation of a federally protected right because "a First Amendment retaliation claim does not require being deprived of any valuable governmental benefit or privilege." However, the cases upon which Dube relies for these arguments do not involve First Amendment claims based solely on reputation damage, and thus do not alter the holding of *Gini* as it applies to retaliatory defamation claims. *See, e.g., Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *see also Coszalter v. City of Salem*, 320 F.3d 968, 970-71 (9th Cir. 2003).

Dube also contends, relying on the Supreme Court's decision in *Goss v. Lopez*, that his claim meets the requirements of *Paul v. Davis* because Contractor deprived him of a liberty interest "in his good name." Dube's reliance on *Goss v. Lopez* is misplaced. *See* 419 U.S. 565 (1975). More recent Supreme Court case law has refused to interpret *Goss* as holding that defamation, standing alone,

3

deprives an individual of any "liberty" protected by the Due Process Clause. *See Paul*, 424 U.S. at 708-10.

II

Because we affirm the district court's decision that Dube failed to state a claim under § 1983, we need not, and do not, reach any other argument urged by the parties on appeal.

**AFFIRMED.**

Case Name: *Dube v. Contractor*
No. 08-16678

B. FLETCHER, Circuit Judge, specially concurring:

I concur reluctantly in the majority's opinion. I find application of the

apparent current law particularly unjust where the letter-writer's reference letter:

(1) is apparently in retaliation for the plaintiff's initiating administrative

proceedings against the wrongdoing of a colleague;

(2) contains an inaccurate suggestion that the plaintiff may have misused university

property;

(3) likely cost plaintiff a job offer; and

(4) left plaintiff unaware that the subsequent letter at issue had supplanted an

earlier favorable letter from the same advisor and senior colleague.