**NOT FOR PUBLICATION**

FEB 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT CONTRERAS, | No. 13-55100 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-01480-SVW-SH |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| JULIO BENAVIDES; MARIO FLORES, | |
| Defendants - Appellants. | |

| | |
|---|---|
| ROBERT CONTRERAS, | No. 13-55692 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-01480-SVW-SH |
| v. | |
| CITY OF LOS ANGELES; JULIO BENAVIDES; MARIO FLORES, | |
| Defendants - Appellants. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and SHEA,[**] Senior District Judge.

Plaintiff Robert Contreras sued Defendant LAPD Officers Julio Benavides and Mario Flores, under 42 U.S.C. § 1983, for using excessive force in violation of the Fourth Amendment. Defendants shot Plaintiff four times in the back, in the course of arresting him in connection with a drive-by shooting. A jury found in favor of Plaintiff and awarded him $5.725 million in damages. Defendants timely appeal from the district court's denial of their motions to dismiss and for judgment as a matter of law. Reviewing de novo, we affirm. See Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986) (per curiam) (stating the standard of review for a motion to dismiss); Acosta v. City of Costa Mesa, 718 F.3d 800, 828 (9th Cir. 2013) (per curiam) (stating the standard of review for a renewed motion for judgment as a matter of law).

---

[**] The Honorable Edward F. Shea, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

1.  The district court correctly denied Defendants' motion to dismiss this action as barred by the statute of limitations.  Although Defendants raised the statute of limitations as one of nine affirmative defenses in their answer to the complaint, they did not include the statute of limitations as a defense that they would pursue in the pretrial order, and they argued for the first time that the statute of limitations barred this action in a post-liability-verdict motion.  Defendants thus waived this defense.  See United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) (holding that, because the parties are bound by the pretrial order, a party may not advance a theory at trial if it is not included in the order or if it contradicts the terms of the order).

2.  Similarly, the district court correctly declined to consider Defendants' "fleeing felon" theory because they expressly disclaimed that theory in their pretrial conference memorandum and argued it for the first time in a post-verdict motion.  See Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 981 n.3 (9th Cir. 1999) (considering an argument raised for the first time in a Fed. R. Civ. P. 50 motion only because a challenge to federal subject matter jurisdiction is not waiveable).

3.  Plaintiff introduced evidence that (1) he was shot in the back despite Defendants' claim that Plaintiff was facing them and threatening them with a gun

3

and (2) no gun was recovered from the scene. Viewing the facts in the light most favorable to the verdict, sufficient evidence supports the jury's rejection of Defendants' theories of self-defense and defense of others. See A.D. v. Cal. Highway Patrol, 712 F.3d 446, 457 (9th Cir.) (holding that "the jury's view of the facts must govern our analysis once litigation has ended with a jury's verdict"), cert. denied, 134 S. Ct. 531 (2013).

4. Defendants are not entitled to qualified immunity because the law was clearly established that shooting an unarmed, physically trapped suspect in the back four times is excessive force. Tennessee v. Garner, 471 U.S. 1, 11 (1985). Plaintiff's 20-second flight from the police is not like the one-hour flight of the armed plaintiff in Forrett v. Richardson, 112 F.3d 416, 421 (9th Cir. 1997), superseded by rule on other grounds as stated in Chroma Lighting v. GTE Prods. Corp., 127 F.3d 1136 (9th Cir. 1997) (order). Moreover, Plaintiff introduced evidence that, although it was feasible to do so, Defendants did not warn Plaintiff before using deadly force, and the verdict demonstrates that the jury believed that evidence. See Garner, 471 U.S. at 11–12.

**AFFIRMED.**