NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVAN RATCLIFF,

                Plaintiff - Appellee,

    v.

Warden BRIAN WILLIAMS; J. NASH,
warden,

                Defendants - Appellants.

No. 24-1828

D.C. No.
2:21-cv-00292-ART-MDC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted August 21, 2025
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Defendants appeal the district court's order denying their motion for

summary judgment based on qualified immunity.[1]  Plaintiff Evan Ratcliff brought

suit pursuant to 42 U.S.C. § 1983 to challenge the conditions he experienced in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1]    Because the parties are familiar with the facts, we do not recount them here.

administrative segregation (solitary confinement) at High Desert State Prison while undergoing medical treatment nearby, and Defendants' failure to regularly and meaningfully review his placement.

We have jurisdiction to review denials of qualified immunity on an interlocutory basis under the collateral order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "Our interlocutory review jurisdiction is limited to resolving a defendant's purely legal . . . contention that [his or her] conduct did not violate the [Constitution] and, in any event, did not violate clearly established law." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (citation modified). The portions of the district court's order determining questions of "'evidence sufficiency,' *i.e.,* which facts a party may, or may not, be able to prove at trial . . . [are] not appealable." *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

An individual may be held liable for a constitutional deprivation under Section 1983 only if a causal connection is shown through "direct personal participation in the deprivation" or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986) (citation omitted). On interlocutory review, we lack jurisdiction to consider the factual dispute regarding Defendants' personal participation in the decision to retain Ratcliff in administrative segregation. *See Johnson*, 515 U.S. at 316.

24-1828

Ratcliff alleges Defendants violated his right to due process. To determine whether a prisoner has a liberty interest, courts look to three factors: the duration of confinement, the conditions of confinement, and the impact of the confinement on the length of the prisoner's sentence. *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995); *see also Ashker v. Newsom*, 81 F.4th 863, 887 (9th Cir. 2023) (reiterating *Sandin*'s "three guiding considerations"). It is uncontested that Ratcliff was placed in administrative segregation for eleven months. We need not determine the point at which the duration of confinement crosses the constitutional threshold because eleven months is plainly an extended placement sufficient to implicate a liberty interest. Further, evidence in the record suggests that the conditions Ratcliff experienced in administrative segregation may have been considerably more severe as compared to those in the general prison population, and that the duration of his sentence was impacted by his classification.

Defendants argue that even if Ratcliff had a protectable liberty interest, he received adequate process. But factual questions remain as to the process Ratcliff was afforded. To evaluate the sufficiency of particular prison procedures, we consider three distinct factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including

the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Wilkinson v. Austin*, 545 U.S. 209, 224–25 (2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). There is no apparent indication that Ratcliff's placement was reviewed for several of the months he was kept in administrative segregation. And a factual issue exists regarding the months for which records reflect that reviews were potentially held, because Ratcliff denies that the reviews took place or challenges their adequacy.

"Qualified immunity protects government officers 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1082 (9th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We have recognized that the right to regular, meaningful review of placement in administrative segregation was clearly established before Ratcliff was placed in administrative segregation in 2017 to await medical treatment. *See Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989–90 (9th Cir. 2014). To the extent Defendants' arguments in favor of qualified immunity turn on genuinely disputed issues of material fact, we lack jurisdiction to consider them.

We affirm the district court's denial of Defendants' motion for summary judgment.

24-1828

**AFFIRMED.**