NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 26 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK LEAL,

        Plaintiff - Appellee,

  v.

KIM ADAMSON; CARLOS
CALDERON; TED HANF; WILLIAM
HUTCHINGS; HENRY
LANDSMAN; MICHAEL MINEV; Doctor
MARTIN NAUGHTON; RENE
PENA; FRANCISCO
SANCHEZ; LORENZO
VILLEGAS; TERENCE AGUSTIN,

        Defendants - Appellants,

and

NEVADA DEPARTMENT OF
CORRECTIONS,

        Defendant.

No. 24-4594

D.C. No.
2:21-cv-01965-GMN-MDC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted August 19, 2025

---

    [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge VANDYKE.

Defendants appeal the district court's order denying their Rule 12(b)(6)

motion to dismiss the second amended complaint based on qualified immunity.[1]

Plaintiff Jack Leal brought a claim pursuant to 42 U.S.C. § 1983 alleging

deliberate indifference to severe, worsening, years-long pain after he injured his

back while a prisoner at High Desert State Prison.

We have jurisdiction to review denials of qualified immunity on an

interlocutory basis under the collateral order doctrine. *See Mitchell v. Forsyth*, 472

U.S. 511, 530 (1985). When reviewing a district court's denial of a motion to

dismiss based on qualified immunity, we review de novo whether the law was

clearly established. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). At the

motion to dismiss stage, "[w]e accept as true all well-pleaded allegations of

material fact, and construe them in the light most favorable to the non-moving

party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The

outcome of this case in the present posture turns on the standard applicable to Rule

12(b)(6). We affirm in part and reverse in part.

---

[1]     Because the parties are familiar with the allegations of the operative
complaint, we do not recount them here.

An individual may be held liable for a constitutional deprivation under Section 1983 only if a causal connection is shown through "direct personal participation in the deprivation" or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986) (quotation omitted). Even under the standards of Rule 12(b)(6), we conclude that Leal's allegations, accepted as true, do not show that Warden William Hutchings personally participated in the alleged constitutional deprivation. Leal alleged only that he sent an inmate request form to Warden Hutchings and that Leal informed Hutchings of his ongoing pain at a prison town hall in 2020. By contrast, we conclude that Leal has plausibly alleged the personal participation of the other Defendants, all of whom were involved in Leal's medical care.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). There are two elements: (1) a serious medical need, and (2) subjective deliberate indifference. *Id.* at 834 (citations omitted). Leal alleged a serious medical need by pleading allegedly preventable, serious, ongoing pain, and that the failure to treat his injury properly over a period of years left him with additional significant physical impairment and extreme pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Leal also alleged that his condition significantly

affected his daily activities. *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

Regarding subjective deliberative indifference, Leal's allegations at the Rule 12(b)(6) stage are sufficient as to some, but not all, Defendants. Leal's allegations fall short of showing that Dr. Francisco Sanchez was deliberately indifferent because he alleges that Dr. Sanchez saw Leal only one time shortly after his back injury. Likewise, Leal has not pleaded facts showing that Dr. Rene Pena was deliberately indifferent in his capacity as a treating physician, as Dr. Pena allegedly saw Leal in that capacity only once, and just days after his back injury. However, because Dr. Pena was also a member of the Utilization Review Panel/Committee, Leal's claim against Dr. Pena in that capacity may proceed. Leal adequately alleged that the remaining Defendants were subjectively deliberately indifferent because they were on notice of his severe pain and limited mobility, on notice that the primary treatment he was given—Ibuprofen—was not effectively treating his pain, and knew that his condition had persisted for at least ten months as of the

time they saw Leal or reviewed his case.[2] *See Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022) (explaining that "continuation of the same treatment in the face of obvious failure" can constitute deliberate indifference).

"Qualified immunity protects government officers 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1082 (9th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Defendants do not dispute that it was clearly established well before the time of Leal's treatment that prison officials violate the Constitution if they choose a course of treatment that has repeatedly failed to treat a prisoner's severe and ongoing pain and the delay in treatment results in additional injury. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *see also Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Shapley v.*

---

[2] While the dissent characterizes the complaint as alleging that defendants "engaged in a regime of gradually progressing treatment, diagnosis, and care for Leal," p. 1, Leal alleged that his back pain was treated solely with Ibuprofen for over three years, despite his continued reports of severe, worsening pain. The dissent concludes this is "at most, a mere difference in opinion between Leal and the medical professionals," p. 2, but this case comes to us at the Rule 12(b)(6) stage, and the complaint alleges that Defendants continued the same over-the-counter medication despite knowing it was not working. If these facts are proven, a jury could decide that Defendants' conduct rose to the level of subjective deliberate indifference. *See Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022) ("Mere disagreement with a medical treatment plan is not deliberate indifference. But continuation of the same treatment in the face of obvious failure is.").

*Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407–08 (9th Cir. 1985) (per curiam). Instead, Defendants ask us to draw the inference from the allegations in the complaint that Leal has alleged only a difference of medical opinion. But at this stage, we must draw reasonable inferences in Leal's favor.

Thus, we reverse the district court's denial of the motion to dismiss on the grounds of qualified immunity with respect to Warden Hutchings, Dr. Sanchez, and Dr. Pena (in his capacity as a treating physician). We affirm the district court's order as to the remaining Defendants. The parties shall bear their own costs.[3]

**AFFIRMED in part and REVERSED in part.**

---

[3] Defendants forfeited their argument on Leal's state law claim by failing to raise it in the trial court. They also failed to raise this argument in their opening brief on appeal. Our decision is without prejudice to Defendants seeking to raise this argument in further proceedings in district court.

*Jack Leal v. Kim Adamson et al.*, No. 24-4594
VANDYKE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court erred in denying qualified immunity with respect to Warden Hutchings, Dr. Sanchez, and Dr. Pena (in his capacity as a treating physician). I disagree, however, with the majority's decision to allow Leal's claims against the remaining defendants to proceed. Even under our deferential standard for review of a complaint on a motion to dismiss, Leal has not plausibly alleged a violation of a constitutional right, nor has he shown that any such constitutional right was "clearly established." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because I would reverse the district court's order as to all defendants, including Dr. Landsman, Dr. Agustin, and the members of the Utilization Review Panel, I respectfully dissent in part.

First, Leal has not alleged that the remaining defendants committed an Eighth Amendment violation. To adequately allege an Eighth Amendment deliberate-indifference claim, Leal must allege both an objectively serious medical need and that the defendants' response to the need was subjectively deliberately indifferent. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Even accepting all of Leal's allegations as true and reading them in the light most favorable to him, his allegations do not establish that the remaining defendants acted with subjectively deliberate indifference. Contrary to the majority's conclusion, the record shows the defendants engaged in a regime of gradually progressing treatment, diagnosis, and care for Leal.

1

For example, consistent with Leal's requests, Dr. Landsman ordered a referral for a specialist and MRI after his first visit with Leal. Dr. Landsman ordered an X-ray after Leal's next appointment, and that X-ray returned normal results. Dr. Agustin also ordered X-rays for Leal and referred him to a specialist. And although the Utilization Review Panel denied Leal's request for an MRI referral, the panel directed medical personnel to continue to monitor Leal. The Eighth Amendment only forbids the "unnecessary and wanton infliction of pain," not the "difference of opinion between a physician and the prisoner—or between medical professionals— concerning what medical care is appropriate." *Snow v. McDaniel*, 681 F.3d 978, 985, 987 (9th Cir. 2012) (citation omitted), *overruled on other grounds by Peralta v. Dillard*, 774 F.3d 1076 (9th Cir. 2014); *see also Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (noting the same and emphasizing the "high legal standard" for showing an Eighth Amendment violation). Leal's allegations plausibly allege, at most, a mere difference in opinion between Leal and the medical professionals. The majority's conclusion otherwise is emblematic of just how far away our court has moved from requiring deliberateness on the part of the defendants in a *deliberate*-indifference claim.

Second, Leal's claims against the remaining defendants also fail because, even assuming that those defendants violated Leal's constitutional rights, any such right was not "clearly established." The majority incorrectly considers the "clearly

2

established" right at too high a level of generality, concluding "that prison officials violate the Constitution if they choose a course of treatment that has repeatedly failed to treat a prisoner's severe and ongoing pain and the delay in treatment results in additional injury." The Supreme Court "has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104, (2018) (citation modified). By not evaluating the "clearly established" prong with reference to the facts of this case, our court again ignores clear instructions from the Supreme Court.

Because Leal has not plausibly alleged a violation of his constitutional rights—and because, even if he did, he cannot show that there was a violation of any clearly established right—I would reverse and remand with instructions to dismiss his claims against all the defendants in their entirety.